IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| STATE FARM LIFE INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 116-085 |
| | ) | |
| LATASHA JEFFERSON; DAVID TURNER; | ) | |
| VALERIE SMITH; and BEVERLY | ) | |
| WILCHER WHITAKER, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

Plaintiff State Farm Life Insurance Co. ("State Farm") filed this interpleader for resolution of adverse claims asserted by Defendants to a policy insuring the life of decedent Michael E. Turner. (Doc. no. 1.) Now that the Court has approved the interpleader and dismissed State Farm, Defendant Latasha Jefferson moves to designate herself as the sole defendant and realign the remaining three defendants as plaintiffs bearing the burden of proof. (Doc. no. 35.) The Court **DENIES** the motion because realignment is neither necessary nor appropriate.

## I. STATE FARM'S COMPLAINT ALLEGATIONS

State Farm frames the background of this dispute as follows. On November 2, 1999, State Farm issued a life insurance policy to decedent in the amount of $100,000. (Doc. no. 1, ¶ 9.) On the insurance application, the decedent designated his wife, Virginia Taylor, as the

primary beneficiary, his mother, Julia Hankerson, as the successor beneficiary, and his sister, Beverly Turner, as the final beneficiary. (Id. at ¶¶ 11-12.)

Five years later, on a Change of Beneficiary Form dated December 1, 2004, the decedent designated Kathy Harris and Joyce Johnson as the primary beneficiaries and Defendant David Turner as the successor beneficiary. (Id. at ¶ 14.) Approximately ten years later, on a Change of Beneficiary Form dated April 7, 2015, the decedent designated Defendant David Turner and Defendant Beverly Wilcher Whitaker, his sister and brother, as primary beneficiaries, and Valerie Smith (née Johnson), another sister, as successor beneficiary. (Id. at ¶ 17.)

The decedent granted his daughter, Defendant Latasha Jefferson, a general power of attorney on February 29, 2016. (Id. at ¶ 20.) On a Change of Beneficiary Form dated March 1, 2016, Defendant Jefferson attempted to substitute herself as the primary beneficiary. (Id. at ¶¶ 22, 24.) By letter dated March 18, 2016, State Farm notified the decedent it would not process the change "due to lack of authority according to the Power of Attorney document and the appearance of self-dealing." (Id. at ¶ 24.) State Farm explained that, if the decedent was "capable of signing the request himself," State Farm would "be able to make the requested change." (Id.) Six days later on March 23, 2016, the decedent executed a Change of Beneficiary Form designating Defendant Jefferson as the primary beneficiary. (Id. at ¶ 26.) State Farm "confirmed that the requested change of beneficiary had been recorded" by notice dated April 5, 2016. (Id. at ¶ 27.)

Decedent died five days later on April 11, 2016. Defendant Jefferson assigned $9,510.00 of the policy proceeds to the funeral home and, on April 14, 2016, submitted a

claim to State Farm for the remaining policy proceeds. (Id. at ¶¶ 33-34.) By letter to State Farm postmarked April 15, 2016, Defendants Whitaker, Turner, and Smith "requested that no monies be disbursed due to alleged fraudulent behavior by defendant Latasha Jefferson, and asserted that the decedent did not have the capacity to conduct any business due to a stroke." (Id. at ¶ 36.) State Farm issued a check to Defendant Jefferson for the remaining life insurance proceeds of $90,651.59, but "stopped payment on that check due to the adverse claims of the other defendants." (Id. at ¶ 40.)

After several months of attempting to resolve the adverse claims, State Farm filed this interpleader under 28 U.S.C. § 1335 and Federal Rule of Civil Procedure 22. (Id. at ¶¶ 6, 62-63.) On June 27, 2016, the Court approved State Farm's request to proceed with the interpleader and deposit the disputed funds into the Registry of the Court. (Doc. no. 6). On September 2, 2016, the Court dismissed State Farm. (Doc. no. 29).

## II.    DISCUSSION

Defendant Jefferson contends it is proper to realign the parties and designate her as the sole defendant because Defendants Turner, Smith, and Whitaker bear the burden of proving the Change of Beneficiary Form dated March 23, 2016, is invalid and improper. (See doc. nos. 35, 37.) Defendants Turner, Smith, and Whitaker oppose realignment, arguing all parties should stand on equal footing because they each assert a claim to the life insurance proceeds. (See doc. no. 36.) The Court finds realignment of the parties is improper.

### A.    Realignment Is Not Necessary.

All parties cite City of Vestavia Hills v. Gen. Fid. Ins. Co. for the proposition "federal courts are required to realign the parties in an action to reflect their interests in the litigation."

676 F.3d 1310, 1313 (11th Cir. 2012). However, the court in Vestavia Hills addressed realignment in the context of determining whether there was complete diversity of citizenship as required for removal under 28 U.S.C. §§ 1441 and 1332. See id.; see also 28 U.S.C. § 1441; 28 U.S.C. § 1332. Complete diversity requires every plaintiff to be diverse from every defendant. See Flintlock Const. Servs., LLC v. Well-Come Holdings, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013). This complete diversity requirement cannot be waived and the parties cannot consent to federal jurisdiction in its absence. See Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998). Furthermore, a court cannot ignore a diversity defect; it must raise the jurisdictional issue on its own. See id.

Because "parties themselves cannot confer diversity jurisdiction upon the federal courts by their own designation of plaintiffs and defendants," courts must "'look beyond the pleadings and arrange the parties according to their sides in the dispute'" to ensure the strict requirements of complete diversity are met. Vestavia Hills, 676 F.3d at 1313-14 (citing City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69 (1941)) (quoting Northbrook Nat'l Ins. Co. v. Brewer, 493 U.S. 6, 16 n.5 (1989)); see also Eikel v. States Marine Lines, Inc., 473 F.2d 959, 963 (5th Cir. 1973)[1] ("in determining the status of the parties for diversity purposes, it is well established that the court must look beyond the pleadings to the matters actually in controversy").

Such strict jurisdictional requirements are not present in the context of either "statutory interpleader" under 28 U.S.C. § 1335 or "rule interpleader" under Federal Rule of

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed

4

Civil Procedure 22. Statutory interpleader under 28 U.S.C. § 1335 does not require complete diversity in order for a federal court to exercise jurisdiction, but rather requires "two or more adverse claimants[] of diverse citizenship." 28 U.S.C. § 1335(a)(1). The "two or more adverse claimants" requirement "has been uniformly construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530 (1967)). As long as the property at issue is worth at least $500 and two of the claimants are of diverse citizenship, a federal court can properly exercise jurisdiction over a statutory interpleader action. See 28 U.S.C. § 1335(a). Here, minimal diversity exists because Defendants Jefferson, Turner, and Whitaker are citizens of Georgia while Defendant Smith is a citizen of Florida. (See Doc. no. 1, ¶¶ 2-5.)

Moreover, although there must be complete diversity of citizenship between the plaintiff stakeholder and the defendant claimants in a rule interpleader action, see Perkins State Bank v. Connolly, 632 F.2d 1306, 1310 n.3 (5th Cir. 1980), dismissal of a stakeholder plaintiff does not destroy federal jurisdiction. Indeed, in "interpleader actions that initially satisfy the diversity and amount-in-controversy requirements of § 1332, federal courts have continued to exercise jurisdiction after the dismissal of the stakeholder, even though the remaining parties (*i.e.,* the claimants) are not diverse from each other." Am. Gen. Life Ins. Co. v. Jones, No. CIV A 08-0211-WS-B, 2008 WL 4949847, at *1 n.3 (S.D. Ala. Nov. 13, 2008); see also Leimbach v. Allen, 976 F.2d 912, 917 (4th Cir. 1992) (holding dismissal of stakeholder does not destroy jurisdiction even though claimants are non-diverse); Standard

---

down prior to October 1, 1981.

Ins. Co. v. Nelson, No. C07-0140RSM, 2007 WL 1453099, at *1 (W.D. Wash. May 17, 2007) (same). Here, there was initial complete diversity because stakeholder Plaintiff State Farm is a citizen of Illinois and Defendant claimants are citizens of Georgia and Florida. (See doc. no. 1, ¶¶ 1-5.)

Because statutory interpleader requires only minimal diversity and rule interpleader diversity jurisdiction is not destroyed by dismissal of a plaintiff stakeholder, courts need not realign the parties at every juncture to ensure all plaintiffs and defendants remain completely diverse. As long as initial diversity is met, the Court will continue to retain jurisdiction over the case. Therefore, the realignment mandate in Vestavia Hills is not applicable.

### B. Realignment Is Not Proper to Clarify Issues.

While the Court could nonetheless exercise its discretion and realign the parties, it is not appropriate to do so here. In interpleader, "the court evaluates the respective rights of the claimants to the interpleaded funds." Ohio Nat. Life Assur. Corp. v. Langkau ex rel. Estate of Langkau, 353 F. App'x 244, 248 (11th Cir. 2009) (internal quotation omitted). "[E]ach defendant occupies the position of a plaintiff and must state his own claim and answer that of the other." Wachovia Bank, N.A. v. Tien, 534 F. Supp. 2d 1267, 1284 (S.D. Fla. 2007); see also Reconstruction Fin. Corp. v. Aquadro, 7 F.R.D. 406, 409 (W.D. Pa. 1947) ("It does not matter which one of the defendants would be designated as the plaintiff in the interpleader since each must establish his own claim."). Indeed, at this stage "the court must determine the respective rights of *each* claimant to the . . . funds." Columbus Bank & Trust Co. v. Law Office of Michael A. Eddings, P.C., No. 4:11-CV-184-MSH, 2013 WL 4077858, at *2 (M.D. Ga. Aug. 12, 2013) (citing Ohio Nat. Life Assur. Corp., 353 F. App'x at 248) (emphasis

added).  Therefore, the current alignment properly reflects the position of each Defendant as to their claims on the life insurance policy.

Defendant Jefferson cites <u>Sterling Bank v. Caesarea-Millbrook, LLC</u>, No. 2:15CV152-WHA, 2015 WL 1863280 (M.D. Ala. Apr. 23, 2015), wherein the court realigned the parties after discharging the plaintiff stakeholder from the interpleader action. <u>Id.</u> at *3.  All parties consented to realignment and only disagreed about who should be plaintiffs and who should be defendants.  <u>Id.</u>  That the court in <u>Sterling Bank</u> chose to realign the parties at their mutual request does not require this Court to do so here.

Defendant Jefferson further contends Defendants Turner, Smith, and Whitaker should be realigned as plaintiffs because they bear the burden of proving under Georgia law that the March 2016 beneficiary change is invalid and the decedent was incompetent at the time of execution.  (<u>See</u> doc. no. 35, p. 2; doc. no. 37, pp. 2-3.)  Even assuming this is correct, the Court is confident it will be able to apply the necessary burdens without realignment. Indeed, in <u>State Farm v. Carlyle</u>, the court properly allocated the burden of proof at summary judgment among six interpleader defendants claiming the proceeds of a decedent's life insurance policies without realigning them as plaintiffs and defendants.  <u>State Farm Life Ins. Co. v. Carlyle</u>, No. 1:05-CV-1106-GET, 2006 WL 2619653, at *6 (N.D. Ga. Sept. 12, 2006). There is no reason this Court cannot do the same.

Perhaps realignment may be beneficial at trial for the sake of clarity or preference of the presiding district judge.  That issue may be discussed at the pre-trial conference.

## III. CONCLUSION

Because realignment is neither necessary to determine jurisdiction nor appropriate to clarify issues, the Court **DENIES** Defendant Jefferson's motion to realign the parties. (Doc. no. 35.)

SO ORDERED this 18th day of May, 2017, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA