```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF GEORGIA
                         AUGUSTA DIVISION
```

STATE FARM LIFE INSURANCE  \*
COMPANY,                   \*
                           \*
     Plaintiff,            \*
                           \*
v.                         \*
                           \*      CV 116-085
LATASHA JEFFERSON,         \*
DAVID TURNER, VALERIE SMITH,\*
and BEVERLY WILCHER WHITAKER,\*
                           \*
     Defendants.           \*
                           \*
                           \*

## O R D E R

David Turner, Valerie Smith, and Beverly Whitaker have filed three motions with the Court: (1) an amended motion to strike[1] (doc. 40); (2) a motion to stay (doc. 51); and (3) a motion for an extension of time (doc. 52). The Court **DENIES** the motion to strike and motion to stay and **GRANTS** the motion for an extension of time.

### I.   Background

Defendants in this case are fighting over Michael Turner's life-insurance proceeds. Before his death, Turner named Defendant Latasha Jefferson as the sole beneficiary of his State

---

[1] Their original motion to strike (doc. 38) is **DENIED AS MOOT**.

Farm life-insurance policy. (Doc. 1 ¶ 26.) Turner's siblings, Defendants David Turner, Valerie Smith, and Beverly Whitaker ("the siblings"), contend that Jefferson improperly induced Turner to remove them as beneficiaries. (Id. ¶ 36.) Turner passed away in April 2016, and Jefferson and the siblings claim entitlement to his insurance proceeds. State Farm filed this interpleader action to resolve the dispute.

These parties conducted discovery, and during her deposition, Jefferson misrepresented her criminal history. When asked by counsel for the siblings whether she had ever been convicted of a crime or arrested, Jefferson said that she had been convicted of driving without a license and that she had been arrested for failing to pay the fine for that conviction. (Doc. 40-1 at 26-27.) She stated that she had not been convicted of any other crimes. (Id. at 26.) It turns out, however, that Jefferson had been convicted of other traffic offenses and possession of drugs. Counsel for the siblings discovered some of these charges through his own investigation, and Jefferson admitted some in written discovery, which was served after her deposition.

## II. Discussion

The siblings ask the Court to (1) strike Jefferson's answer because of Jefferson's misstatement in her deposition, (2) stay this case pending the resolution of litigation concerning

2

Turner's estate in the Richmond County Probate Court, and (3) extend the deadline for filing motions in this case.

**A. Motion to Strike**

Because Jefferson "perjured herself," the siblings argue, the Court should use its inherent sanction power to strike Jefferson's answer. "A court may impose sanctions for litigation misconduct under its inherent power." Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1306 (11th Cir. 2009). But the Court must exercise this power "with restraint and discretion" and only when the Court makes a finding of bad faith. See id. The striking of an answer is a severe sanction that is appropriate only when a lesser punishment would not sufficiently punish or deter the bad behavior. See id.; Chemtall, Inc. v. Citi-Chem, Inc., 992 F. Supp. 1390, 1408 (S.D. Ga. 1998).

Although Jefferson misstated her criminal history during her deposition, the siblings have not shown that she did so intentionally or in bad faith. Indeed, when she responded to written discovery requests, which were not served until after her deposition, Jefferson provided more detail about her criminal history. (See Doc. 53-4 at 6-7.) The siblings have also failed to show that a lesser sanction would not sufficiently punish or deter the behavior. Accordingly, the Court **DENIES** the siblings' motion to strike Jefferson's answer.

3

**B. Motion to Stay**

The siblings also ask the Court to stay this case pending the resolution of litigation over Turner's estate in the Richmond County Probate Court. Jefferson has apparently been appointed the administrator of Turner's estate, and the siblings have petitioned that court to remove her from that position. Without citing any law, the siblings contend that a stay is appropriate because if Jefferson is removed as administrator or is "found to have made any misrepresentation to the Probate Court or the Guardian Ad Litem appointed in that case, that would be admissible evidence in this case which would show her motivation in seeking a change of beneficiary designation on the late Mr. Turner's life insurance policy." (Doc. 51 at 2-3.)

The Court has the discretion to stay cases "as an incident to its power to control its own docket." See Clinton v. Jones, 520 U.S. 681, 706 (1997). A stay may not be immoderate: a stay should be granted only for good reason and should not last an unreasonable amount of time. See Ortega Trujillo v. Conover & Co. Commc'ns, Inc., 221 F.3d 1262, 1264 (11th Cir. 2000).

The Court is unconvinced that it should stay this case pending the resolution of the litigation in the Probate Court. As an initial matter, the siblings have not provided any indication as to how long that litigation may last, making the requested stay for an indefinite period of time. And more

4

important, the siblings contend only that admissible evidence may arise from the estate litigation. They do not argue, for example, that the resolution of that matter would help dispose of any issues in this case or otherwise expedite its resolution. Accordingly, the Court **DENIES** the siblings' motion to stay.

**C. Motion for an Extension of Time**

The siblings also request additional time to file motions, which were due July 3, 2017. The Court **GRANTS** this request. All motions, except motions in limine, are now due within **14 days** from the date of this order.

### III.   Conclusion

In sum, the Court **DENIES** David Turner's, Valerie Smith's, and Beverly Whitaker's amended motion to strike (doc. 40) and motion to stay (doc. 51) and **GRANTS** their motion for an extension of time (doc. 52). All motions, except motions in limine, are due within **14 days** from the date of this order.

**ORDER ENTERED** at Augusta, Georgia this 28th day of July, 2017.

```
_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```