IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CV 116-085 ) ) |
| LATASHA JEFFERSON, et al., | ) ) |
| Defendants. | ) |

**O R D E R**

Addressed in turn below are pretrial matters raised in the proposed pretrial order (doc. no. 85), Claimant LaTasha Jefferson's motions in limine (doc. no. 87), and the pretrial conference.

### A. Realignment of the Remaining Parties

Jefferson continues to assert the parties should be realigned to reflect dismissal of State Farm Life Insurance Co. and the burden of proof. As the May 18, 2017 Order explains, "realignment is neither necessary nor appropriate," (doc. no. 50, p. 1), and the Court **DENIES** the renewed request.

### B. Valerie Smith's Standing

As all counsel agreed at the pretrial conference, Claimant Valerie Smith does not have standing because the beneficiary form on which she relies designates her as a successor beneficiary of the interplead funds. The Court hereby **DISMISSES** her as a party.

### C. Occurrences Subsequent to Decedent's Death

Jefferson requests any "evidence regarding any events occurring after [the decedent's] death be excluded because such evidence is irrelevant to the issue of the validity of the change of beneficiary." (Doc. no. 87, p. 2.) The Court generally agrees for the reasons stated on the record at the pretrial hearing. If any claimant believes an exception to this general rule exists, arguments shall be made in a detailed evidentiary offer of proof at trial outside the presence of the jury.

### D. Criminal Convictions of Jefferson

The Federal Rules of Evidence prohibit introduction of a misdemeanor conviction to prove a person acted in accordance with a particular character or trait or to attack a witness's character for truthfulness. Fed. R. Evid. 404(a)(1); 609(a). The Rules carve out narrow exceptions for crimes "the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement" or the use of a conviction to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 609(a)(2); 404(b)(2). Neither exception applies here.

Claimants David Turner and Beverly Wilcher Whitaker argue evidence regarding Jefferson's charges and convictions should be admitted because she failed to disclose them when asked at her deposition. See Fed. R. Evid. 608(b) (allowing inquiry into specific instances of witness conduct "if they are probative of the character for truthfulness or untruthfulness"). "While reference to these individual crimes is inadmissible, [the witness]'s untruthfulness during her deposition will assist the jury in judging her creditability." McCranie v. Hoffman Elec. Co., No. CV 408-011, 2010 WL 11534308, at *2 (S.D. Ga. Mar. 31, 2010). Accordingly, the Court

**GRANTS IN PART** Jefferson's motion. Turner and Whitaker "may reveal to the jury that [she] lied during her deposition about past criminal convictions, but may not reveal to the jury the specific crimes or offenses for which she was arrested, absent an independent basis for their admissibility." Id.

### E. Medical Testimony by Lay Persons

Jefferson requests a prohibition of lay witnesses testifying regarding: (i) the decedent's "medical diagnoses or treatment;" and (ii) "statements made by the decedent's doctors, nurses or other healthcare providers." (Doc. no. 87, p. 5.) A lay witness's opinion is inadmissible to the extent it is based upon scientific, technical, or other specialized knowledge rather than direct observations and perceptions. See Fed. R. Evid. 701. The Court will not issue a blanket prohibition regarding hearsay, and instead will consider objections to specific questions at trial under Fed. R. Evid. 802. Accordingly, the Court **GRANTS IN PART** Jefferson's motion in limine as to medical testimony by lay persons.

### F. Negotiations and Offers of Settlement

Jefferson requests that the Court "prohibit any argument or innuendo to the jury about settlement discussions that may or may not have taken place prior to trial." (Doc. no. 87, pp. 5-6.) Turner and Whitaker agreed to this prohibition during the pretrial conference, and the Court **GRANTS** the motion in limine as to this issue.

### G. The Remaining Parties' Financial Condition

Jefferson seeks to exclude evidence of the parties' financial condition. However, such evidence is admissible to the extent it shows motive for a party to exercise undue influence. See Hockensmith v. Ford Motor Co., No. CIV.A. 1:01-CV-3645G, 2003 WL 25639639, at *10 (N.D. Ga. Apr. 17, 2003) ("[T]o the extent the financial evidence cited by

plaintiffs tends to prove the alleged improper motives of defendant for its engineering design decisions, the evidence is admissible . . . ."); State Farm Fire & Cas. Co. v. Balmer, 672 F. Supp. 1395, 1407 n.5 (M.D. Ala. 1987), *aff'd*, 891 F.2d 874 (11th Cir. 1990) ("An insured's poor financial condition is competent evidence of a motive . . . ."). Therefore, the Court **DENIES** Jefferson's motion in limine as to the parties' financial condition.

### H. Other Issues

The Court will rule on the issues of burden of proof and marijuana and alcohol use at trial.

SO ORDERED this 4th day of May, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA