IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

In re STATE FARM LIFE INSURANCE )
POLICY NO. LF-1748-2856, ) CV 116-085
 )

**O R D E R**

Addressed in turn below are additional pretrial matters raised in the proposed pretrial order (doc. no. 85), Claimant LaTasha Jefferson's motions in limine (doc. no. 87), and the pretrial conference.

### A. Case Caption

Because State Farm Life Insurance Company is no longer a party to the case, and there is accordingly no party designated as a plaintiff, the caption shall now read In re: State Farm Life Insurance Policy No. LF-1748-2856. The parties at trial shall be referred to as Claimant Jefferson on the one hand, and Claimants Turner and Whitaker on the other.

### B. Burden of Proof

Claimants Turner and Whitaker bear the burden of establishing by a preponderance of the evidence the decedent lacked the capacity to contract at the time he executed the contested change of beneficiary form on March 23, 2016. Georgia "courts start with the general rule that every man is presumed to have all his mental faculties and to be of normal and ordinary intelligence, and where it is contended that one who executed a contract was not competent to execute it, the burden is upon him who asserts the incompetency." Nelson v.

State Farm Life Ins. Co., 344 S.E.2d 492, 494 (Ga. Ct. App. 1986) (internal quotations and citations omitted).

Claimants Turner and Whitaker also bear the burden of establishing by a preponderance of the evidence the 2016 form was procured by exertion of undue influence. A rebuttable "presumption of undue influence arises as a matter of law where the grantee . . . stands in a confidential relationship with the grantor . . . **and** the grantor is of a weak mentality."[1] Long v. Waggoner, 558 S.E.2d 380, 382 (Ga. 2002) (emphasis in original) (quotation omitted). "[I]f one party introduces evidence of circumstances which under the law causes a presumption of undue influence to arise, *the burden of going forward with the evidence* shifts to the other party." Horton v. Hendrix, 662 S.E.2d 227, 231 (Ga. Ct. App. 2008) (internal quotations and alterations omitted) (emphasis in original) (citing Trustees of Jesse Parker Williams Hosp. v. Nisbet, 14 S.E.2d 64, 75 (Ga. 1941)).

This "rebuttable presumption, once established, does not vanish in the face of evidence contrary to the presumed fact. Regardless of how much counter evidence the opponent has presented to rebut the presumed fact, the presumption remains alive through jury instructions and can only disappear if the jury decides to discount it." Baker v. Baker, 627 S.E.2d 26, 28 (Ga. 2006) (internal quotations and citations omitted)); see also Bailey, 630 S.E.2d at 399 (explaining presumption does not vanish in face of contrary evidence and

---

[1] In the context of will disputes, Georgia courts also require a showing to trigger the presumption that the beneficiary is not the natural object of the decedent's bounty. See, e.g., Simmons v. Harms, 695 S.E.2d 38, 42 (Ga. 2010) ("A rebuttable presumption of undue influence arises when a beneficiary under a will occupies a confidential relationship with the testator, is not the natural object of the testator's bounty, and takes an active part in the planning, preparation, or execution of the will.") (quotation omitted); Bailey v. Edmundson, 630 S.E.2d 396, 398 (Ga. 2006) (same); Smith v. Liney, 631 S.E.2d 648, 649 (Ga. 2006) (same); McConnell v. Moore, 483 S.E.2d 578, 579 (Ga. 1997) (same). The parties here do not argue this additional showing is necessary to trigger the presumption in a case challenging the validity of a life insurance beneficiary designation. (Doc. no. 91, p. 1; Doc. no. 93, p. 3.)

2

is alone sufficient to support jury's finding of undue influence); Miller v. Miller, 366 S.E.2d 682, 684 n.6 (Ga. 1988) (same).

Nevertheless, even where such a presumption has been established, the party asserting a claim of undue influence always bears the "ultimate burden of persuasion." Horton, 662 S.E.2d at 231; see also Miller, 366 S.E.2d at 683 (explaining rebuttable presumption requires opposing party to go forward with evidence rebutting presumption but does not shift original burden of persuasion).

Because Claimants Turner and Whitaker bear the burden of proof, they shall enjoy all the procedural benefits afforded to plaintiffs. They shall be seated closest to the jury. They shall be first to present opening statements, their case in chief, and closing arguments. They shall have the right to rebut Claimant Jefferson's closing argument.

### C. Marijuana and Alcohol Use by the Decedent or Any Party or Witness

The Court **GRANTS IN PART** Jefferson's motion in limine as to drug and alcohol use. The parties may not introduce evidence of general substance use, but may introduce evidence the decedent was under the influence of alcohol or marijuana at the time he executed the change of beneficiary form or evidence Jefferson provided marijuana and alcohol to the decedent.

Generally, evidence of substance abuse is highly prejudicial character evidence in violation of Rules 403 and 404. Fed. R. Evid. 403; 404(b); see also Harless v. Boyle-Midway Div., Am. Home Prod., 594 F.2d 1051, 1058 (5th Cir. 1979)[2] ("[T]he evidence that [the juvenile decedent] had smoked marijuana on one occasion was precisely the type of

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

highly prejudicial evidence that should be excluded under Federal Rule of Evidence 403."). However, evidence the decedent was under the influence of alcohol or marijuana at the time he executed the change of beneficiary form goes to his capacity to contract, and the provision by Jefferson of marijuana or alcohol to the decedent may show undue influence. See 40.070 Mental Capacity; Contractual Capacity, Test of, Georgia Suggested Pattern Jury Instructions - Civil 40.070 ("The degree of mentality necessary for a party to execute a valid contract is that the party must be possessed of mind and reason (equal to) (capable of) a clear and full understanding of the nature and consequences of his/her act in making the contract."); Trotman v. Forrester, 621 S.E.2d 724, 725 (Ga. 2005) ("Undue influence which operates to invalidate a [contract] is such influence as amounts either to deception or to force and coercion, destroying free agency. Undue influence may be shown by a wide range of evidence, as such influence can seldom be shown except by circumstantial evidence.") (citations and quotations omitted).

SO ORDERED this 7th day of May, 2018, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA